IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| PAUL JEROME TYNER, | : | |
| Plaintiff | : | |
| VS. | : | **1 : 04-CV-156 (WLS)** |
| JAMES DONALD, et al., | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this § 1983 action is the defendants' Special Report/Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

The plaintiff signed his complaint on October 10, 2004, and the action was filed on October 18, 2004, while he was confined at Calhoun State Prison. In his complaint, the plaintiff raises claims challenging the conditions of his confinement. Specifically, the plaintiff claims that on October 1, 2004, while he was in protective custody, the defendants "forced a roommate on me", despite his strenuous objections that a roommate put him in fear for his life. The plaintiff further claims that said roommate promptly hit him, starting a series of fights in which he hit and kicked the plaintiff, attempted to cut him with a razor blade and stabbed him in the arm and abdomen with an ink pen. Plaintiff maintains that defendants were aware of these altercations yet refused to separate the inmates and refused to allow plaintiff to stay in a cell by himself. The

...
...
...
...

plaintiff seems to argue that any cellmate puts him in fear for his life, citing a list of examples of altercations between other inmates confined together in administrative segregation. The undersigned ordered the defendants to file a Special Report, which could be styled as a motion for summary judgment, on December 21, 2004. The plaintiff was transferred from Calhoun State Prison to Autry State Prison on January 6, 2005. The defendants' Special Report/Motion for Summary Judgment was filed on January 27, 2005.

*Three Strikes*

Pursuant to the provisions of the PLRA pertaining to a prisoner's ability to proceed *in forma pauperis*, as codified at 28 U.S.C. § 1915(g),

> [I]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury.

A review of court records reveals that the plaintiff had accumulated at least "three strikes" at the time this lawsuit was initiated, and the plaintiff does not appear to contest this conclusion. He does, however, maintain that he is under a continuing threat of imminent danger of physical injury and should be allowed to proceed herein despite the presence of three strikes.

*Imminent danger of physical injury*

In reviewing a claim that an inmate is "under imminent danger of physical injury", and thereby avoids the dismissal of his lawsuit pursuant to § 1915(g), the court must look to the plaintiff's allegations regarding events at the time of filing of the complaint. Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Brown v. Johnson, 387 F.3d 1344, 1349-50 (11th Cir.

2004). "Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Medberry, 185 F.3d at 1193. The "Eleventh Circuit [has] determined that a prisoner must allege a present imminent danger, as opposed to a past danger". Brown, 387 F.3d at 1349.

     Viewing all facts and reasonable inferences therefrom in the light most favorable to the plaintiff, and liberally viewing the plaintiff's complaint regarding the circumstances as they existed at the time of filing, it appears that the plaintiff has sufficiently alleged imminent danger of serious physical injury. At the time plaintiff signed his complaint, on October 10, 2004, he remained confined in administrative segregation with a roommate who physically assaulted him, at times stabbing him with an ink pen and attempting to cut him with a razor blade. The plaintiff maintains that he repeatedly complained about this situation and that the prison authorities were aware of the ongoing assaults, yet did nothing. Although the defendants' assertions in their summary judgment motion may ultimately result in the granting of summary judgment in their favor based on the merits herein, the court must conclude that plaintiff's allegations as of the time his complaint was filed allege an ongoing imminent damage of serious physical injury. Accord, Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998) (imminent danger standard was satisfied when inmate alleged that despite his repeated complaints and having been stabbed twice before, prison staff continued to place him near his known enemies).

     Accordingly, it is the recommendation of the undersigned that the defendants' summary

judgment motion be **DENIED**.[1]  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 8th day of August, 2005.

    /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb

---

[1] The court notes that the defendants also raise arguments regarding official capacity and state law claims.  Should the district judge to whom this matter is assigned adopt this recommendation, the defendants of course remain free to file a dispositive motion regarding the merits of plaintiff's claims, as opposed to the limited issue of imminent danger under § 1915(g) now before the court.