IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

PAUL JEROME TYNER,

    Petitioner,

v.

                        1:04-cv-156(WLS)

JAMES DONALD, et. al.,

    Respondents.

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge filed August 18, 2006, recommending that Defendants' Motion for Summary Judgment (Doc. 46) be granted in regard to Plaintiff's claims brought under 42 U.S.C. § 1983 against: 1) Defendants in their official capacities, 2) Defendant James Donald in his individual capacity; and 3) all Defendants on Plaintiff's claim that Defendants were deliberately indifferent to a serious risk of substantial harm in placing an inmate in the protective custody cell with Plaintiff; and denied in regards to Plaintiff's claim that Defendants were deliberately indifferent to a serious risk of harm after inmate Pittman was placed in the cell with Plaintiff. (Doc. 50). Defendants filed a timely objection on September 5, 2006. (Doc. 52). Plaintiff has not filed an objection.

### I. Report and Recommendation

It was found that Plaintiff's claims against Defendants in their official capacities are without merit as such claims are really claims against the state, the same which are not cognizable under Section 1983. (Doc. 50). It is therefore recommended that summary judgment be granted as to the official capacity claims. *Id.* It was further found that Plaintiff makes no specific claim against Defendant James Donald in his individual capacity, and that any claims asserted against this Defendant are improperly based on a theory of *respondeat superior*. *Id.* It is therefore recommended that Defendant Donald be dismissed as a party to this lawsuit. *Id.* Defendant does not object to either recommendation. (Doc. 52).

In regard to Plaintiff's claims that Defendants were deliberately indifferent to the risk

-1-

posed by placing any inmate in the cell with Plaintiff, it was found that "Plaintiff failed to present sufficient evidence showing that he was exposed to a substantial risk of serious harm and that [D]efendants subjectively knew about this risk and knowingly or recklessly ignored the risk." (Doc. 50).   It was further found that Plaintiff has not demonstrated that Defendants' awareness rises to a sufficient level of culpability, namely because Plaintiff has not demonstrated more than "mere awareness of [Defendant's] generally problematic nature." *Id.*  It is therefore recommended that summary judgment be granted as to these deliberate indifference claims. *Id.* Defendants do not object to this recommendation. (Doc. 52).

As to Plaintiff's claim that Defendants were deliberately indifferent to the risk posed after inmate Pitman was placed in the same cell as Plaintiff, it was found that Plaintiff presented sufficient evidence, when viewed in the light most favorable to him, could reasonably support a finding that a substantial risk of harm existed, that Defendants were aware of this risk, and that Defendants disregarded this risk.  In support of this finding, it was noted that Plaintiff submitted affidavit testimony which could establish that Defendant guards were called and made aware of the fighting between Pittman and Plaintiff, and that these Defendants witnessed the fighting, and did nothing to separate the individuals. *Id.*  It was further noted that Defendants failed to produce testimony from the individual defendants as to their knowledge or awareness of the fighting or of injuries sustained by Plaintiff; and that they relied instead on log sheets and affidavits of persons without personal knowledge of the events which transpired in support of their argument that Defendant guards were not aware of any fighting or other risk of harm. *Id.*   Additionally, it was found that Plaintiff's claims are distinguishable from those cases cited by Defendants in support of their motion.  It is therefore recommended that summary judgment as to these claims of deliberate indifference be denied.

In their objection to the above recommendation, Defendants assert for the first time that Plaintiff failed to exhaust administrative remedies prior to filing this suit. (Doc. 52).  Upon further review of the record in this case, it is noted that while Defendants filed an Answer to Plaintiff's Amended Complaint and the subject Motion for Summary Judgment following the Court's denial of Defendants' previous motion for summary judgment, they elected not to raise

Plaintiff's alleged failure to exhaust administrative remedies until submission of their objection to the instant Report and Recommendation. (*See* Docs. 45, 46, 52). This defense was not before the Magistrate Judge. As these arguments were not before the Magistrate Court when the instant Report and Recommendation was issued, the Court finds it inappropriate to consider the same upon review. Additionally, Plaintiff was not timely and meaningfully noticed regarding this defense.

Accordingly, upon full review and consideration upon the record, the Court finds that said Recommendation (Doc. 50) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and conclusions reached herein. James Donald is therefore **DISMISSED** in his individual capacity as a defendant in this case. Additionally, Defendants' Motion for Summary Judgment (Doc. 46) is therefore **GRANTED-IN-PART** as to Defendants in their official capacities and as to all Defendants on Plaintiff's claim that Defendants were deliberately indifferent to a serious risk of substantial harm in placing an inmate in the protective custody cell with Plaintiff; and **DENIED-IN-PART** in regards to Plaintiff's claim that Defendants were deliberately indifferent to a serious risk of harm after inmate Pittman was placed in the cell with Plaintiff.[1]

**SO ORDERED**, this __11th__ day of September, 2006.

> /s/W. Louis Sands
> **W. LOUIS SANDS, CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**

---

[1] It is further ordered that since failure to exhaust is a fundamental defense, nothing in this order is intended to prevent Defendants from attempting to raise said issue before the Magistrate Judge, who may consider the same along with any responses by Plaintiff upon proper notice.