IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| PAUL JEROME TYNER, | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | 1 : 04-CV-156 (WLS) |
| | : | |
| JAMES DONALD, MR. WILLIAMS, | : | |
| MS. BLAYLOCK, MR. PARKER, | : | |
| MR. JACKSON, MR. OLIVER, MR. BURKS, | : | |
| MR. LANIER, AND MR. MATHIS, | : | |
| | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this § 1983 action is the defendants' third Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

The plaintiff filed this action in October 2004, raising allegations that while he was confined at Calhoun State Prison, the defendants were deliberately indifferent to various threats of harm directed toward the plaintiff and others. Specifically, the plaintiff claims that on October 1, 2004, while he was in protective custody, the defendants "forced a roommate on me", despite his strenuous objections that a roommate put him in fear for his life. The plaintiff further claims that said roommate promptly hit him, starting a series of fights in which he hit and kicked the plaintiff, attempted to cut him with a razor blade and stabbed him in the arm and abdomen with an ink pen. Plaintiff maintains that defendants were aware of these altercations yet refused

to separate the inmates and refused to allow plaintiff to stay in a cell by himself.

The undersigned ordered the defendants to file a Special Report, which could be styled as a motion for summary judgment, on December 21, 2004. The plaintiff was transferred from Calhoun State Prison to Autry State Prison on January 6, 2005. The defendants' Special Report/Motion for Summary Judgment was filed on January 27, 2005. On August 8, 2005, the undersigned issued a recommendation that the defendants' Motion for Summary Judgment, based on allegations that the plaintiff had accumulated three strikes under the PLRA, be denied. This recommendation was adopted and made the order of the court on September 20, 2005. The defendants then filed a second motion for summary judgment addressing the merits of plaintiff's claims. The undersigned recommended that this motion for summary judgment be granted in part but denied in regard to his claims that the defendants were deliberately indifferent to a serious risk of harm *after* another inmate was placed in plaintiff's cell. In raising objections to this recommendation, the defendants for the first time argued that the plaintiff had failed to exhaust his administrative remedies under the PLRA prior to filing this lawsuit. The district court adopted the undersigned's recommendation on September 11, 2006, noting that "since failure to exhaust is a fundamental defense, nothing in this order is intended to prevent Defendants from attempting to raise said issue before the Magistrate Judge".

The defendants have now filed the presently pending motion for summary judgment, in which they argue that the plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, as required by the PLRA, and that it should thus be dismissed. They have supported their motion with the affidavit of Debra Edwards, an administrative assistant at Calhoun State Prison, as well as grievance records pertaining to the plaintiff.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).  As the parties moving for summary judgment, the defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action.  The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e (a).

The defendants maintain, supported by the affidavit of Debra Edwards, that the plaintiff failed to timely pursue his grievance in regard to the events underlying his claim.  According to the grievance records submitted by the defendants, the plaintiff filed an informal grievance on October 5, 2004, four (4) days after the inmate in question was placed in plaintiff's cell.  The

defendants maintain that "[n]o other grievance was filed in October 2004 on this issue." Plaintiff did not receive a response to his informal grievance until November 18, 2004, following which the plaintiff filed a formal grievance on November 22, 2004. Inasmuch as the plaintiff's grievance procedure(s) remained pending when he filed this lawsuit on October 18, 2004, the defendants argue that he had not fully exhausted his administrative remedies at the time this lawsuit was filed as required by the PLRA.

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). Herein, the plaintiff's grievance procedure clearly remained pending at the time he filed this lawsuit. "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000). To the extent that the plaintiff contends that the defendants failed to respond to his informal grievance in a timely manner, it remains clear that the grievance process remained pending when he filed this lawsuit. At the time this lawsuit was filed, the plaintiff had not filed a formal grievance regarding the events underlying this lawsuit and had not filed any appeals of grievance decisions. The grievance process remained in progress. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Inasmuch as the plaintiff has failed

to rebut the defendants' summary judgment showing the court must conclude that the claim underlying this action remains unexhausted, therefore barring a § 1983 action based thereon.[1]

Accordingly, it is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 31st day of October, 2006.

/s/  *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that the defendants failed to raise the exhaustion issue in their answer and otherwise did not raise it until filing objections to the recommendation on their second motion for summary judgment.  The issue was not formally raised until this third motion for summary judgment.  Although a majority of the circuits have determined that failure to exhaust under the PLRA is an affirmative defense that can be waived if not properly raised, see Casanova v. DuBois, 304 F.3d 75 (1st Cir. 2002); Paese v. Hartford, 449 F.3d 435 (2nd Cir. 2006); Ray v. Kertes, 285 F.3d 287 (3rd Cir. 2002); Anderson v. XYZ Correctional Health Serv., 407 F.3d 674 (4th Cir. 2005); Dole v. Chandler, 438 F.3d 804 (7th Cir. 2006); Foulk v. Charrier, 262 F.3d 687 (8th Cir. 2001); Panaro v. City of North Las Vegas, 4322 F.3d 949 (9th Cir. 2005), the Eleventh Circuit has yet to announce a specific ruling on this issue and the law appears to remain unsettled as to whether exhaustion is an affirmative defense.  See Johnson v. Johnson, 385 F.3d 503, 516, n.7 (5th Cir. 2004).  Even if exhaustion is an affirmative defense, and failure to raise it in the answer would generally result in a waiver, "noncompliance can be excused if the defendant raises the issue at a pragmatically sufficient time and there is no prejudice to the plaintiff.. . . Moreover, failure to plead exhaustion in the answer is especially excusable here given that the law on the topic is not clearly settled." Id. (internal citations omitted). Herein, there is no indication that the plaintiff has been prejudiced by the defendants raising the exhaustion issue later in the proceedings and the law appears to remain unsettled in both the Fifth and Eleventh Circuits as to the status of the exhaustion issue.