IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

PAUL JEROME TYNER,

    Petitioner,

v.

JAMES DONALD, et. al.,

    Respondents.

1:04-cv-56 (WLS)

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge filed November 1, 2006, recommending that Defendants' Motion for Summary Judgment (Doc. 54) be granted. (Doc. 67). Plaintiff filed a timely objection on November 16, 2006. (Doc. 70).

## I. Report and Recommendation

It was found in the Recommendation that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"). (Doc. 67). Specifically, it was found that Plaintiff filed an informal grievance on October 5, 2004, four (4) days after the events which give rise to this action occurred. *Id.* It was further found that Plaintiff received a response to his informal grievance on November 18, 2004, after which he filed a formal grievance on November 22, 2004. *Id.* It was therefore found that Plaintiff's grievance procedures remained pending and were not exhausted when he filed this lawsuit on October 18, 2004. *Id.* Relying upon well-established Eleventh Circuit precedent that holds "[w]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit," it was recommended that Plaintiff's Complaint (Doc. 1) be dismissed. *Id.* (quoting Brown v. Sykes, 212 F.3d 1205, 1207 (11th Cir. 2000)).

In his objection, Plaintiff correctly notes that this is the third summary judgment motion filed in this case by Defendants and further maintains that Defendants could have raised issues regarding exhaustion of his administrative remedies in earlier motions. (Doc. 70). Plaintiff further asserts not

-1-

only that he has been prejudiced by Defendants' conduct, but that he has been prevented from moving forward with his case because of the same. *Id.* Notwithstanding Plaintiff's clear frustration, the Court reminds Plaintiff that in the Court's September 20, 2005 Order denying the first motion for summary judgment, it was clearly noted that resolution of the dispute regarding Plaintiff's ability to file *in forma pauperis* in Plaintiff's favor did not prevent Defendants from filing a motion for summary judgment "on the merits or other defenses raised by Defendants." (Doc. 38).

In the September 11, 2006 Order, Defendants' then-pending motion for summary judgment was denied with respect to the exhaustion issue solely because Plaintiff had not been afforded a meaningful opportunity to respond to allegations that he had not exhausted his administrative remedies. (Doc. 53). It was further noted that because "failure to exhaust is a fundamental defense, nothing in [the September 11, 2005] order is intended to prevent Defendants from attempting to raise said issue before the Magistrate Judge, who may consider the same along with any responses by Plaintiff upon proper notice." *Id.* In the instant Motion for Summary Judgment, Defendants properly raised the issue in question and Plaintiff was properly notified of the same. (*See* 54, 55). Plaintiff was therefore properly notified of the specific reasons for the denials of Defendants' first two motions for summary judgment, Defendants' right to assert a fundamental defense in a third motion, and his responsibilities to respond to such a defense. As Plaintiff's objection does not otherwise address the findings made in the Recommendation, it is overruled.

Therefore, upon full review and consideration upon the record, the Court finds that said Recommendation (Doc. 67) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and conclusions reached herein. Defendants' Motion for Summary Judgment (Doc. 54) is **GRANTED**.

**SO ORDERED**, this ___16th___ day of March, 2007.

                                                          /s/W. Louis Sands
                                                          **THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT JUDGE**